IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **IZEAR KEGLER,** | ) | 1:08-CV-0408-LJO WMW HC |
| Petitioner, | )<br>) | ORDER VACATING ORDER ENTERED AUGUST 26, 2008, |
| vs. | )<br>) | GRANTING RESPONDENT'S REQUEST FOR A STAY |
| | ) | [Doc. 12] |
| **JAMES D. HARTLEY,** | )<br>) | |
| Respondent. | )<br>) | ORDER DENYING RESPONDENT'S REQUEST |
| | )<br>) | FOR A STAY OF THE PROCEEDINGS AND SETTING |
| _____ | ) | BRIEFING SCHEDULE |
| | | [Doc. 8] |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On August 26, 2008, this court entered an order granting Respondent's motion for a stay in this case pursuant to Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). Upon sua sponte reconsideration, the court has determined that the order was entered in error. Accordingly, the court's order entered August 26, 2008, granting Respondent's request for a stay in this case is HEREBY VACATED.

On May 28, 2008, Respondent filed a motion for stay of the proceedings pending the Ninth Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008).

## DISCUSSION

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong, 208 F.3d at 1120. "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id., *quoting* Fay v. Noia, 372 U.S. 391, 400 (1963). In Yong, the Ninth Circuit addressed an analogous situation where the district court issued a stay pending a decision from the Supreme Court. The Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding. Id. at 1120-21. Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

In this case Respondent asks the Court to stay the proceedings pending a decision in Hayward. Like Yong, such a stay would be lengthy. As well, this is a habeas proceeding and therefore implicates special considerations that limit the Court's authority to issue a stay. But more importantly, as Petitioner points out, there is ample binding precedent from the Ninth

2

Circuit other than <u>Hayward</u> which bear on the issues in the petition. See <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985); <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir.2003); <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123, 1127-28 (9th Cir.2006); <u>Irons v. Carey</u>, 505 F.3d 846, 851 (9th Cir.2007). Pursuant to <u>Yong</u>, this Court has no authority to await a further ruling from the Ninth Circuit before applying these binding precedents. 208 F.3d at 1119 n. 2.

      Accordingly, IT IS HEREBY ORDERED:

1) Respondent's request for a stay of this case is DENIED;

2) Respondent SHALL FILE a response to the petition within sixty (60) days of the date of service of this order;

3) Petitioner is GRANTED thirty (30) days from the date of service of Respondent's response within which to file a traverse.

IT IS SO ORDERED.

**Dated:   September 12, 2008**          /s/  **William M. Wunderlich**
                                                                  UNITED STATES MAGISTRATE JUDGE