UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZEAR KEGLER, | 1:08-CV-00408-LJO-JMD HC |
|     Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| JAMES D. HARTLEY, | |
|     Respondent. | |

Petitioner Izear Kegler ("Petitioner") is a state prisoner proceeding pro se in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a conviction for first-degree murder in the Superior Court of California, Los Angeles County. (Pet. at 6). The trial court sentenced Petitioner to five years to life, with the possibility of parole, and Petitioner was received in the California Department of corrections on July 9, 1976. (Answer, Ex.1, p.1).[1]

On October 12, 2006, Petitioner appeared before the Board of Parole Hearings ("the Board"). (Pet. at 6). The Board denied Petitioner parole. Id.

---

[1] The petition states that Petitioner was sentenced to a term of seven years to life with the possibility of parole. (Pet. at 6). In deciding Petitioner's California state habeas petition, the Los Angeles County Superior Court noted that Petitioner was sentenced to five years to life with the possibility of parole; this discrepancy is immaterial.

1    On January 23, 2007, Petitioner filed a petition for a writ of habeas corpus in the Superior
2 Court of California, Los Angeles County, asserting that the Board's denial of parole violated
3 Petitioner's right to due process. (Answer, Ex. 1, p.1-3).  The Superior Court issued a reasoned
4 decision denying Petitioner's petition. Id.
5    Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on June
6 13, 2007, and the Court of Appeal summarily denied Petitioner's petition on June 29, 2007.
7 (Answer, Ex. 2, p.1).  On July 13, 2007, Petitioner filed a petition for a writ of habeas corpus with
8 the California Supreme Court. (Answer, Exhibit 3, p.1).  The California Supreme Court summarily
9 denied the petition on February 20, 2008.  Id.
10    On March 3, 2008, Petitioner filed the instant petition for writ of habeas corpus in the United
11 States District Court, Central District of California, Los Angeles. (Pet. at 1).  The petition was
12 subsequently transferred to the United States District Court, Eastern District of California, Fresno,
13 pursuant to a transfer order entered on March 12, 2008.
14    Respondent filed an answer to the instant petition on November 12, 2008.  Petitioner filed a
15 traverse to Respondent's answer on November 26, 2008.

**Factual Background**

17    Petitioner does not challenge his underlying conviction or sentence.  (Traverse, p.2: 1-3).
18 Rather, Petitioner challenges the Board's denial of parole on due process grounds.  Id.  Accordingly,
19 the factual background relevant to the instant petition concerns the process the Board applied in
20 denying Petitioner parole and the bases underlying the Board's decision.
21    On October 12, 2006, after a hearing, the Board denied Petitioner parole, citing Petitioner's
22 commitment offense, past criminal history, and prison disciplinary record in support of its' decision.
23 (Answer, Ex. 1, p.1-3).  In its' denial of Petitioner's state habeas corpus petition, the Superior Court
24 noted:

> The record reflects that there is some evidence that "the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering." This means that "the offense in question must have been committed in a more aggravated or violent manner than that ordinarily shown in the commission of that offense.  In this case, the victim, who was related to petitioners crime partner, was struck two or three times with a claw hammer and shot twice in the back.  These actions demonstrate an exceptionally callous disregard for human suffering...The

> record further reflects that the Board relied on additional factor [sic] in denying parole at this time and there is some evidence to support...that petitioner is unsuitable for parole due to his "previous record of violence." As a juvenile he was arrested...for vehicle theft, burglary, robbery, assault with a deadly weapon, and escape. While on parole from the Youth Authority, he burglarized a home and stole a handgun. In prison petitioner received ten CDC 115s early in his term for offenses such as assault on an inmate and possession of a dangerous weapon. This demonstrates a history of assaultive conduct and a failure to "profit from society's previous attempts to correct his criminality."

Id. (internal citations omitted).

Petitioner asserts that the Board's reliance on immutable factors such as his commitment offense, past criminal history, and prison disciplinary record amounts to a denial of due process because such reliance effectively transforms Petitioner's sentence from an indeterminate sentence with the possibility of parole into a de facto life sentence without the possibility of parole. (Traverse, p.2: 13-17).

## Discussion

**I. Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);[2] 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial district where the prisoner is held in custody. See 28 U.S.C. § 2241(d).

Petitioner asserts that he is currently incarcerated at Avenal State Prison in Kings County, California, in violation of his right to due process under the United States Constitution. As Kings County is within the Eastern District of California, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the Eastern District. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

///

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

## II. Standard of Review

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

## III. Petitioner's Due Process Claim

### A. The Due Process Framework

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits states from depriving persons of protected liberty interests without due process of law. See e.g., Sass, 461 F.3d at 1127. The Court must "analyze Petitioner's due process claim in two steps: 'the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" Id. (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) partially overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)).

California law vests prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date. Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007); Sass, 461 F.3d at 1128; McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir. 2002) (citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979)); Biggs v. Terhune, 334 F.3d 910, 915 (2003). While California's parole statute creates a liberty interest protected by the Due Process Clause, Irons, 306 F.3d at 903, "since the setting of a

minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in [a criminal prosecution proceeding] is not constitutionally mandated" in the parole context, Pedro v. Oregon Parole Bd., 825 F.3d 1396, 1399 (9th Cir. 1987). The Ninth Circuit has repeatedly held that due process requires that a parole board's denial of parole to a prisoner be supported by "some evidence." Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904.

### B. Review of Petitioner's State Habeas Proceeding

In reviewing a state court's summary denial of a state habeas petition, the Court must "look through" the summary disposition to the last reasoned decision issued by the state. Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). As the California Court of Appeal and the California Supreme Court both summarily denied Petitioner's state habeas petition, the Court must review the reasoned decision of the Los Angeles Superior Court denying Petitioner relief. The California Supreme Court is presumed to have rejected Petitioner's state habeas petition for the same reasons set forth in the reasoned decision of the Los Angeles Superior Court. Id. at 803.

Section 2254 requires the Court to give considerable deference to state court decisions, Himes v. Thompson, 336 F.3d 848, 852-53 (9th Cir. 2003), and the state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1). The Court is bound by the state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537 U.S. 859 (2002). The Court must also defer to the state court's determination of the federal issues unless that determination is "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 74-75.

#### (i) The Clearly Established Requirement

Petitioner asserts that his right to due process has been violated because the Board's decision denying him parole is not supported by "some evidence." As a threshold matter, the Court must determine whether the "some evidence" requirement is "clearly established federal law." Id. At 70-71. In determining what constitutes "clearly established federal law," the Court must look to the "holdings, as opposed to the dicta, of the [Supreme Court's] decisions as of the time of the relevant state-court decision." Id. (quoting Williams, 592 U.S. at 412). "The Supreme Court need not have

addressed the identical factual circumstances at issue in a case in order for it to have created 'clearly established' law governing that case....rather, it is enough that the Supreme Court has prescribed a rule that plainly governs the petitioner's claim." McQuillion, 306 F.3d at 901 (citations omitted). The requirement that the Board's denial of parole to Petitioner be supported by some evidence is well established federal law.[3] Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904.

### (ii) The Superior Court's Application of the "Some Evidence" Standard

The "some evidence" standard is minimal, and is meant only to "[assure] that 'the record is not so devoid of evidence that the findings of...[the] board were without support or otherwise arbitrary.'" Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457). In assessing whether the Board's denial of parole to Petitioner is supported by "some evidence," the Court's analysis "is framed by the statutes and regulations governing parole suitability determinations in the relevant state... [a]ccordingly, here we must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by 'some evidence' in [Petitioner's] case constituted an unreasonable application of the 'some evidence' principle articulated in Hill." Irons, 505 F.3d at 851.

Title 15, section 2281 of the California Code of Regulations sets forth the factors to be considered by the Board in applying California's parole statute to Petitioner.[4] Section 2281 lists several circumstances relating to unsuitability for parole, including the nature of the commitment offense and whether the prisoner has engaged in serious misconduct while incarcerated. CAL. CODE. REGS. TIT 15, § 2281(c) (2009). Section 2281 also lists factors relating to suitability for parole, such as an inmate's rehabilitative efforts, demonstration of remorse, and lack of a juvenile criminal

---

[3] The Ninth Circuit is currently considering the "some evidence" standard en banc. Hayward v. Marshall, 512 F.3d 536, (9th Cir. 2008) reh'g en banc granted, 527 F.3d 797 (2008).

[4] Because Petitioner's murder was committed prior to November 8, 1978, title 15, section 2281 governs his parole suitability. In Re Lawrence, 44 Cal. 4th at 1202 n.5.

1  record. CAL. CODE. REGS. TIT 15, § 2281(d) (2009). In denying Petitioner's state habeas petition,
2  the Los Angeles Superior Court held that Petitioner's commitment offense, juvenile criminal record,
3  and prison disciplinary history constituted "some evidence" supporting the Board's denial of parole
4  to Petitioner.
5  　　　Both the Ninth Circuit and the California Supreme Court have suggested that at some point,
6  relying solely on a prisoner's commitment offense to deny parole may constitute a denial of due
7  process. See e.g., Biggs, 334 F.3d 916-917 ("continued reliance...on...the circumstance of the
8  offense and conduct prior to imprisonment...could result in a due process violation"); In Re
9  Lawrence, 44 Cal. 4th 1181, 1202 (Cal. 2008) (where evidence of inmate's rehabilitation and
10 suitability for parole is overwhelming, and commitment offense is both temporally remote and
11 mitigated by circumstances indicating the conduct is unlikely to recur, the immutable circumstance
12 that the commitment offense involved aggravated conduct does not provide "some evidence"). The
13 Court need not grapple with the difficult question of whether Petitioner's commitment offense and
14 juvenile criminal record constitute "some evidence" that the Petitioner currently poses an
15 unreasonable risk of danger if released, as the Superior Court correctly noted that the Board's
16 determination was based in part on Petitioner's disciplinary record while incarcerated. See Sass, 461
17 F.3d at 1128 ("relevant question is whether there is *any* evidence in the record that could support the
18 conclusion reached") (emphasis added); see also Biggs, 334 at 916 (despite the fact that several of
19 the Board's reasons for denying parole were not supported by the record, some evidence as to one of
20 the Board's reasons was sufficient to preclude habeas relief).
21 　　　Section 2281(c) expressly provides that a prisoner's serious misconduct in prison is a factor
22 that tends to show unsuitability for parole. In denying Petitioner's state habeas petition, the Superior
23 Court noted the Board's finding that while in prison, petitioner received ten CDC 115s for serious
24 offenses such as assault on an inmate and possession of a dangerous weapon. The Superior Court
25 held that Petitioner's prison disciplinary record "demonstrates a history of assaultive conduct and a
26 failure to 'profit from society's previous attempts to correct his criminality." (Answer, Ex. 1, p.1-3).
27 Whatever doubts the Court has about the predictive value of Petitioner's aging prison disciplinary
28 record, "a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, 538 U.S. at 75.  The Court cannot say that the Superior Court was objectively unreasonable in holding that Petitioner's prison disciplinary record constitutes "some evidence" in support of the Board's denial of parole.[5]  Accordingly, the Court cannot grant Petitioner habeas relief. <u>Id.</u>

## RECOMMENDATION

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 10, 2009**            /s/ John M. Dixon
                                           UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that the Board's denial of parole to Petitioner in 2006 conflicts with the Board's finding in 2004 that Petitioner was suitable for parole.  Although the Court is troubled by the Board's inconsistency, the Court cannot say that the Board's decision to deny Petitioner parole in 2006 is not supported by some evidence.