UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IZEAR KEGLER, | ) | 1:08-CV-00408-LJO-JMD HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | [Doc. 17] |
| | ) | |
| JAMES D. HARTLEY, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| Respondent. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| | ) | |

Petitioner Izear Kegler ("Petitioner") is a state prisoner proceeding pro se in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 10, 2009, the Magistrate issued a Findings and Recommendation recommending that the petition be denied with prejudice and that the Clerk of the Court be directed to enter judgment for Respondent. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On February 25, 2009, Petitioner filed Objections to the Magistrate's Findings and Recommendation.

**I.    Discussion**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

With one exception, Petitioner's Objections simply restate the contention advanced in his petition: that the parole board's decision to deny Petitioner parole is not supported by "some evidence" as required by the Due Process Clause of the Fourteenth Amendment.[1] See, e.g., Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007). The only novel contention contained in Petitioner's Objections concerns an erroneous statement, contained in the Superior Court's order denying his state habeas petition, that Petitioner assaulted another inmate while incarcerated. See (Findings and Recommendation at 3). Petitioner points out, correctly, that he was the victim, not the perpetrator, of an assault while incarcerated. (Objections, Ex. A at 7). The Magistrate's Finding and Recommendation quotes a passage from the Superior Court's order which contains the erroneous statement regarding Petitioner assaulting another inmate. (Findings and Recommendation at 3). However, the Court finds that any error in attributing an assault to Petitioner was harmless because even absent the assault allegation, the record still contains sufficient evidence to satisfy the deferential "some evidence" standard.

The "some evidence" standard is minimal, and is meant only to "[assure] that 'the record is not so devoid of evidence that the findings of...[the] board were without support or otherwise arbitrary.'" Sass v. California Board of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006). The Court's analysis of whether the parole board's decision is supported by "some evidence" is framed by the statutes and regulations governing parole suitability determinations in California. Irons, 505 F.3d at 851. Whether a prisoner has engaged in serious misconduct while incarcerated is a factor the parole board may consider in determining whether or not a prisoner would pose an unreasonable risk of safety if released. See CAL. CODE. REGS. TIT 15, § 2281(c) (2009). The parole board found that Petitioner received ten "serious" disciplinary reports while incarcerated, including a disciplinary infraction for possession of a stabbing instrument. (Answer, Ex.1, Parole Hearing Transcript at 77-78).

///

---

[1] Petitioner also makes a fleeting reference to the Ex Post Facto Clause and the Equal Protection Clause. (Traverse at 5-6). To the extent Petitioner seeks to raise an ex post facto or equal protection challenge, Petitioner's allegations do not suggest that such claims are colorable, and the Record is devoid of any evidence to support such claims.

Petitioner complains that his serious disciplinary infractions all occurred prior to 1987 and thus are not probative of current dangerousness. The Superior Court, however, found that Petitioner's prison disciplinary record, combined with his commitment offense and prior criminal history, were sufficient to meet the "some evidence" standard. (Answer, Ex. 1 at 1-3). Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

The Court finds that despite the Superior Court's erroneous statement that Petitioner had assaulted an inmate while incarcerated, the record on the whole is sufficient to support the Superior Court's finding that the parole board's decision is supported by some evidence. See Biggs v. Terhune, 334 F.3d 910, 916 (9th Cir. 2003) (holding that despite the fact that several of the parole board's findings were not supported by the record, other evidence on the record was still sufficient to meet the "some evidence" requirement and thus denying the petitioner's habeas claim). Accordingly, the Court cannot say that the Superior Court's denial of Petitioner's state habeas petition is "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**ORDER**

The Findings and Recommendation is modified to reflect the fact that Petitioner was the victim, not the perpetrator, of an assault while incarcerated. The Court adopts the remainder of the Findings and Recommendation in full, with the additional analysis provided in this order.

///

///

As to those objections not specifically addressed in this order, the Court finds that the Findings and Recommendation adequately disposes of Petitioner's objections and no further discussion is required. Accordingly, IT IS HEREBY ORDERED that:

    1. The Findings and Recommendation issued February 10, 2009, is ADOPTED IN FULL;

    2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

    3. The Clerk of Court is DIRECTED to enter judgment; and

    4. A certificate of appealability is unnecessary. See <u>Rosas v. Nielsen</u>, 428 F.3d 1229, 1232 (9th Cir. 2005); <u>White v. Lambert</u>, 370 F.3d 1002, 1010-1011 (9th Cir. 2004)

IT IS SO ORDERED.

**Dated:  March 20, 2009**             /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE