# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZEAR KEGLER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JAMED D. HARTLEY,<br><br>　　　　　Respondent. | 1:08-CV-00408 LJO JMD HC<br><br>ORDER GRANTING CERTIFICATE OF APPEALABILITY |

Izear Kegler ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 23, 2009, the Court denied the petition for writ of habeas corpus, finding that there was some evidence in the form of the commitment offense to support the denial of parole. The Court further found that a certificate of appealability was not required to proceed on appeal to the United States Court of Appeals for the Ninth Circuit

On April 16, 2009, Petitioner appealed the Court's decision to the Ninth Circuit. On May 18, 2010, pursuant to new Ninth Circuit authority,[1] the case was remanded to the district court for the limited purpose of granting or denying a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may

---

[1] *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). As noted in the Ninth Circuit's order remanding this case to the district court, the *Hayward* decision overruled previous Ninth Circuit authority that relieved a prisoner from obtaining a certificate of appealability where the prisoner was challenging the denial of parole.

issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S. Ct. at 1040.

Here, the Court finds that reasonable jurists would disagree on whether there was some evidence of Petitioner's current dangerousness. As enunciated by the Ninth Circuit, the current standard for courts in this circuit is "whether the California judicial decision approving the governor's decision rejecting parole was an "unreasonable application" of the *California "some evidence" requirement*, or was "based on an unreasonable determination of the facts in light of the evidence." *Hayward*, 603 F.3d 546, 563 (9th Cir. 2010)(quoting 28 U.S.C. § 2254(d)(1) and (2)) (emphasis added). Under California law, the inquiry is whether there was some evidence to support the finding that Petitioner is currently dangerous. *See In re Lawrence*, 44 Cal.4th 1181, 1205 (2008); *see Pearson*, __ F.3d __, 2010 WL 2108964, * 4 (citing *Hayward*, 603 F.3d at 562 in stating "California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absence 'some evidence' of current dangerousness"); *see also Cooke v. Solis*, __ F.3d __, 2010 WL 2267018, * 6-7 (9th Cir. 2010) (noting that "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state"). Pursuant to the California Supreme Court's interpretation of its some evidence standard, immutable factors cannot constitute some evidence of current dangerousness "absent articulation of a rational nexus between those facts and current dangerousness." *In re Lawrence*, 44 Cal.4th at 1227. A reasonable jurists may likewise argue that the parole board's reliance on disciplinary infractions that occurred almost two decades prior to the parole hearing is analogous to reliance on immutable factors and would not constitute some evidence of current dangerousness. *See Cooke*, 2010 WL 2267018, *8 (finding that two minor non violent

1  disciplinary infractions that occurred one decade prior to parole hearing does not provide evidence of
2  current dangerousness).  Thus, the Court finds that reasonable jurists can disagree on whether
3  disciplinary infractions that occurred almost two decades prior to the hearing and the commitment
4  offense constitutes sufficient evidence of Petitioner's current dangerousness.
5       Accordingly, the Court GRANTS a certificate of appealability in this case.
6       IT IS SO ORDERED.
7  **Dated:   June 10, 2010**                              /s/ Lawrence J. O'Neill
                                                                              UNITED STATES DISTRICT JUDGE